UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                              Case No. 1:16-cr-20624

v.                                                          Honorable Thomas L. Ludington
                                                           United States District Judge
ROBIN ANTHONY DREWS,

                    Defendant.
_____/

**OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION TO
REDIRECT RESTITUTION TO THE CRIME VICTIMS FUND**

This matter is before this Court upon the Government's Motion to Redirect Restitution to

the Crime Victims Fund. For the reasons stated herein, the Government's Motion will be granted.

Accordingly, all restitution held and due will be redirected to the Crime Victims Fund.

**I.**

On September 14, 2016, a grand jury indicted Defendant Robin Anthony Drews on one

count of theft of personal property over $1,000 in violation of 18 U.S.C. § 661. ECF No. 1.

Specifically, Defendant was indicted for his theft and misuse of money belonging to his mother,

Ms. Delores Drews, while purporting to act as her guardian. *Id.* He pled guilty on March 7, 2017.

ECF Nos. 14; 18.

Defendant was sentenced to two years probation and ordered to pay $125,193 in restitution

to his mother's conservator. ECF No. 27 at PageID.113. To date, Defendant has paid $23,348.13

through a writ of garnishment for restitution. ECF No. 29 at PageID.121.

On August 25, 2018, Ms. Drews—Defendant's victim and mother—passed away. *Id.* at

PageID.120. In April 2021, the United States stopped garnishing Defendant's wages because he

was paying himself as the sole heir of his victim's estate. *Id.* at PageID.121–22. The Clerk of Court

is holding $13,248.75 of undistributed restitution. *Id.* at PageID.120.

On July 12, 2021, the Government filed a motion for this Court "to remit the funds currently

being held" and to direct "all future payments received . . . to the Crime Victims Fund." *Id.* at

PageID.126–27. Specifically, the Government argues that "[t]he instant case is extraordinary"

because "[D]efendant has become the successor in interest to the victim and is now compensating

himself for his own fraud," thereby allowing him "to escape the true financial responsibility of his

criminal conduct." *Id.* at PageID.126. Defendant was *twice* ordered to respond to the Government's

Motion, but he has *twice* missed the deadline. *See* ECF Nos. 30; 32.

## II.

This case is a matter of first impression: whether restitution can be redirected to the Crime

Victims Fund when the death of the defendant's original "victim" makes the defendant his own *de*

*jure* "victim."

The Mandatory Victim Restitution Act (MVRA) applies to Defendant's crime. Defendant

pled guilty to a crime of fraud or deceit under title 18. *See* ECF Nos. 14; 18. The MVRA applies

to guilty pleas to crimes of fraud or deceit under title 18. *See* 18 U.S.C. § 3663A(c)(1) (applying

to "plea agreements relating to charges for, any offense . . . against property under [title 18], . . .

including any offense committed by fraud or deceit . . . and in which an identifiable victim or

victims has suffered a . . . pecuniary loss.").

As required by section 3663A(a)(1), this Court ordered Defendant to pay restitution to his

mother, who later passed away. ECF No. 29 at PageID.120. Defendant, then, became his victim's

sole heir and, thus, began paying to himself the money he stole—albeit through the Clerk of the

- 2 -

Court. *See id.* at PageID.120, 122. The Government has asked this Court to prevent Defendant from benefitting from his own wrongdoing. *See* ECF No. 29.

The MVRA addresses defendants in Mr. Drews's shoes who might benefit from their own wrongdoing by being the representative of their victim's estate. The MVRA states in relevant part:

> In the case of a victim who is . . . deceased, the legal guardian of the victim or representative of the victim's estate . . . may assume the victim's rights under this section, but *in no event shall the defendant be named as such representative or guardian*.
>
> 18 U.S.C. § 3663A(a)(2) (emphasis added).

Section 3663A(a)(2)'s text indicates that wrongdoers should not benefit from their own wrongdoing as a matter of public policy. Defendant is the sole heir to and personal representative of his victim's estate. ECF No. 29 at PageID.120. The MVRA states that "in no event shall the defendant be named as such representative or guardian" of the deceased victim's estate. § 3663A(a)(2). Therefore, it would violate public policy to allow Defendant to be the beneficiary to the restitution of his own crime. *See Shoemaker v. Shoemaker*, 263 F.2d 931, 932 (6th Cir. 1959); *cf. Riggs v. Palmer*, 115 N.Y. 506, 511–14 (1889) (holding that allowing a murderer to inherit from his victim was an absurd interpretation of the Statute of Wills).

Indeed, it is "an ancient equity maxim that no one should benefit from his own wrongdoing." *Hanover Am. Ins. Co. v. Tattooed Millionaire Ent., LLC*, 974 F.3d 767, 790 (6th Cir. 2020) (quoting *K & T Enterprises, Inc. v. Zurich Ins. Co.*, 97 F.3d 171, 178 (6th Cir. 1996)). Further, the purpose of the MVRA is not only to "ensure . . . crime victims . . . receive the restitution that they are due," but also to "ensure that the offender realizes the damage caused by the offense and pays the debt owed to the victim *as well as to society*." S. Rep. No. 104-179, at 12 (1995), *as reprinted in* 1996 U.S.C.C.A.N. 924, 925 (emphasis added).

- 3 -

In light of the MVRA's plain text and purpose, the Government's Motion will be granted to prevent Defendant from benefiting from his own wrongdoing. Further, the Clerk of the Court will be ordered to remit the money currently held in restitution to the Crime Victims Fund. Moreover, Defendant will be ordered to pay all remaining restitution to the Crime Victims Fund.

**III.**

Accordingly, it is **ORDERED** that the Government's Motion to Redirect Restitution to the Crime Victims Fund, ECF No. 29, is **GRANTED**.

Further, it is **ORDERED** that the Clerk of Court is **DIRECTED** to remit the $13,248.75 restitution currently held to the Crime Victims Fund.

Further, it is **ORDERED** that Defendant is **DIRECTED** to pay the $101,844.87 remaining restitution to the Crime Victims Fund.

Dated: September 14, 2021                          s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge